TRULINCS 13870049 - HILOW, JACLYN - Unit: DAN-P-A

--------------------------------------------------------------------------------

FROM: 13870049
TO: Nigro, Rich
SUBJECT: 4. Motion for Immediate Release to the Courts
DATE: 05/07/2020 09:51:22 PM

FILED - USDC-NH
2020 MAY 11 PM 1:22

| | | |
|---|---|---|
| JACLYN HILOW | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CR-170-02-JD |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent, | ) | |

Emergency Motion for Compassionate Release Under 18 USC 3582 (c)(1)(A)(i), Immediate Release to Home Confinement in Accordance of the First Step Act of 2018

---

Comes now the petition, Mrs. Jaclyn Hilow to petition this court to grant immediate compassionate release pursuant to 3582 (c)(1)(A)(i), and further to classify this petition as an EMERGENCY filing for compassionate release to home confinement under the recently enacted First Step Act of 2018.

Mrs. Hilow is a 33 year old woman currently incarcerated at the FSL Danbury, Danbury, CT. Mrs. Hilow suffers from asthma, high blood pressure, high cholesterol, chronic migraines, and she is pre-diabetic. These conditions can be exacerbated by the pandemic COVID-19. These conditions make Mrs. Hilow more susceptible to serious complications if she contracts COVID-19.

Mrs. Hilow has filed a request for compassionate release pursuant to 3582 (c)(1)(A)(i) with the Warden at the FSL Danbury. The petition was filed with the Warden on April 14, 2020. Mrs. Hilow received a letter of denial for that petition on April 27, 2020 ( a copy of which is attached). The denial letter was generic in form without specifications to why Mrs. Hilow in particular was denied. The Warden had previously informed Mrs. Hilow and other inmates that due to the fact that she has received so many requests for compassionate release she is overwhelmed and unable to review the requests. As a result she informed Mrs. Hilow and other inmates that she would be denying all requests, encouraging them to file with the court. Mrs. Hilow has filed an appeal of the decision on April 29, 2020, with the appeal going to the Warden first (a copy of the filing is attached). Mrs. Hilow has no reason to believe that the Warden will be less burdened now and believes she is unlikely to change her decision because of this burden.

In accordance with a memorandum from Attorney General Barr dated March 26, 2020 he urges the BOP to utilize home confinement where appropriate, to protect the health and safety of BOP personnel and the people in their custody. On April 3, 2020, Attorney General Barr sent another memorandum to the Director of the Bureau of Prisons to implement the following standards, and to give these standards priority in implementation to the most vulnerable inmates at the most affected facilities, consistent with the guidance below, to wit, "Immediately maximize appropriate transfer to home confinement of all appropriate inmates held at FCI Oakdale, FCI Danbury (where Mrs. Hilow is incarcerated), FCI Elkton, and at other facilities where COVID-19 is materially affecting operations." Attorney General Barr specifically named Danbury, CT as a facility suffering from a major outbreak of COVID-19. Her facility specifically is the most challenged in any type of distancing or quarantining as all of its' 164 female inmates are in the same room/warehouse with no separation at all. On April 24, 2020 an inmate who is in her 40's with no prior medical issues was in critical condition from COVID-19 and was rushed from the facility to the hospital where she was placed on a ventilator for several days. She eventually recovered enough to come back to the facility. Prior to going to the hospital she was in general population. On April 25, 2020 40 inmates were put into quarantine in the dining hall and tested, with 11 of those inmates testing positive for COVID-19. On April 30, 2020 the facility began testing the remaining inmates with an additional 11 inmates testing positive for COVID-19. During this time Mrs. Hilow was housed in the men's prison at FCI Danbury until May 3, 2020. Mrs. Hilow tested negative for COVID-19 and was one of the first tested on April 30, 2020 due to her being a high risk to contract the disease. She was housed in the men's prison because the facility she is incarcerated in had no way to separate those that were tested from those awaiting testing. Mrs. Hilow was housed in the visiting room in the men's prison along with 27 other inmates. All in total 22 inmates are currently positive at FSL Danbury. The FSL Danbury is not equipped to handle quarantining large populations of inmates and have those who are currently in quarantine scattered through the visiting room, the dining hall, and the Secured Housing Unit at the men's prison at FCI Danbury. Staff members regularly interact with both inmates who have tested positive and negative without changing masks.

Attorney General Barr also stated, "We need to move with dispatch in using home confinement where appropriate, to move

TRULINCS  13870049 - HILOW, JACLYN - Unit: DAN-P-A

----------------------------------------------------------------------------------------------------

vulnerable inmates out of these institutions."

Mrs. Hilow has been incarcerated since March 12, 2015. During her incarceration she has kept an exemplary record according no disciplinary infractions, and has completed numerous certification programs, 2 of which are Department of Labor Apprenticeships, and a semester at college. Most importantly are the rehabilitative programs she has completed, Non-Residential Drug and Alcohol Program, Getting Out by Going In, and Residential Drug and Alcohol Program being the most influential and life changing. She is currently enrolled in the HVAC course though Lincoln Tech where she has maintained a 4.0 GPA.

Many district courts are seeing the merit in the release of inmates under Compassionate Release 3582; see: US v. Brannan, No. 4:15-cr-80-01(SD TX- APR. 2, 2020). Emergency motion was granted on the same day as filing for the prisoner who has served only 9 months of a 36 month sentence at FCI Oakdale (one of the other facilities AG BARR named as struggling to contain a major outbreak), and Brannan had no exhausted his administrative remedies.

US v. Colvin, No. 3:19cr179 (JBA) 2020 WL 1613943 (D. CONN. Apr. 2, 2020). "Inmate has diabetes a serious medical condition, defendant is unable to provide self-care within the environment of FDC Phil. in light of the ongoing and growing COVID-19 pandemic, and because she is unable to practice effective social distancing and hygiene to minimize her risk of exposure, and in light of the expectation that the COVID-19 pandemic will continue to grow and spread over the next several weeks, the court concludes that the risks faced by the defendant will be minimized by her immediate release to home confinement where she will quarantine herself." Mrs. Hilow falls under these issues the court used to grant the release of Colvin.

US v. Foster, No. 1:14-cr-324-02 (MD PA, Apr. 3, 2020). "The circumstances faced by our prison system during this highly contagious, potentially fatal global pandemic are unprecedented. It is no stretch to call this environment, "extraordinary and compelling," and we believe that should we not reduce defendant's sentence, defendant has a high likelihood of contracting COVID-19. No rationale is more compelling of extraordinary." 1B1 13

The court has authority to order Mrs. Hilow's immediate release into home confinement under the Compassionate Release Statute in 18 U.S.C. 3582 (c)(1)(A)(i) as modified by the First Step Act. Section 3582 (c)(1)(A)(i) of Title 18 states in relevant part that the Court "may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons" warrant such a reduction.". Mrs. Hilow moves this court to grant her release to home confinement for the extraordinary and compelling reasons confronting the federal prison system by the COVID-19 pandemic.

In conclusion, Mrs. Hilow moves this court to grant her emergency immediate release because of the extraordinary and compelling health crisis created by COVID-19. As stated earlier, defendant is unable to provide self-care, in a warehouse containing 164 women, no cells, no dorms, no division of any manner, with multiple people testing positive for COVID-19, and people having been left in general population until they are in critical condition and rushed to the hospital. Due to Mrs. Hilow's health issues her risk of suffering severe and deadly complications is very real - these risks would be minimized by her immediate release to home confinement.

Please use your discretion, your compassion, and your broadened scope of actions and grant Mrs. Hilow's immediate release.

Respectfully submitted

_____

This 7th Day of May, 2020

Response to Inmate Request to Staff Member

HILOW, Jaclyn
Register Number: 13870-049
Unit:  P-A

---

You requested a reduction in sentence (RIS) based on concerns about COVID-19.  After careful consideration, your request is denied.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner.  Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates.  We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus.  However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.  Accordingly, your RIS request is denied at this time.

You have been reviewed under the CARES Act however you are excluded from eligibility because you do not meet the guidelines/criteria.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.


_D. Easter_                                    4-24-2020
D. Easter, Warden                              Date

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

4/29/20

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Hilow, Jaclyn    13870-049   FSL    Danbury
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

I am appealing the decision of the denial of my request for compassionate release. I am an asthmatic with high blood pressure, high cholesterol, chronic migraines, and am prediabetic. While the denial states the guidelines for compassionate release, it does not state specifically what guidelines I don't meet. I am requesting a reevaluation of my request for compassionate release under 18 USC 3582 (c)(1)(A)(i). I also want to know specifically why I was denied if I am denied again.

4/29/20
DATE

SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

⇔13870-049⇔
Jaclyn Hilow
13870-049
Federal Satellite Low
Route 37
Danbury, CT 06811
United States

HARTFORD CT 061

08 MAY 2020   PM 7   L



⇔13870-049⇔
Hon Joseph Di Clerico Jr.
U.S. District Court
55 Pleasant ST
Room 110
Concord, NH 03301
United States

